IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
ALPINE DIVISION

BEN ELMORE,

    Plaintiff,

v.                          C.A. No.:   1:17-cv-44

BREWSTER COUNTY, TEXAS,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BEN ELMORE, (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, hereby sues Defendant, BREWSTER COUNTY, TEXAS (hereinafter sometimes referred to as "Defendant"), and in support thereof states as follows:

## INTRODUCTION

1. This is an action by Plaintiff against his employer for unpaid overtime wages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime wages, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331 since this claim arises under federal law, and by the private right of action conferred

in 29 U.S.C. § 216(b).

## VENUE

3.     Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Plaintiff performed work for Defendant and incurred unpaid overtime wages while working Alpine, Texas.

## THE PARTIES

4.     Plaintiff is an individual residing in Hereford, Texas.

5.     Plaintiff was been employed by Defendant from approximately February 2, 2015, through December 11, 2016, as a "Deputy Sheriff."

6.     Defendant, BREWSTER COUNTY, TEXAS, is a geographical and political entity which operates an office in Alpine, Texas, and may be served via County Judge Eleazar R. Cano, 201 West Ave. E. Alpine, TX.  BREWSTER COUNTY, TEXAS, is a governmental unit existing under the laws of the State of Texas and is located within the United States District Court, Western District of Texas.

7.     Defendant is an enterprise engaged in commerce   pursuant to 29 U.S.C. § 203(s)(1)(C), of the Fair Labor Standards Act of 1938, as amended.

8.     At all times material to this Complaint, Defendants was the employer of the Plaintiff, and as a matter of economic reality, Plaintiff was dependent upon Defendant for his employment.

9. Between October 4, 2016, and November 10, 2016, Defendant repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate for each hour in excess of 40 the Plaintiff worked in a workweek.

10. Between October 4, 2016, and November 10, 2016, Plaintiff worked 78 hours of overtime for which he was not compensated at the rate of one and one-half time his regular rate of pay.

11. Defendant paid Plaintiff at the rate of $16.77 per hour.

12. Defendant used the pay scheme alleged herein to intentionally and willfully avoid paying Plaintiff the correct amount overtime wages due to him as required by the Fair Labor Standards Act.

13. Defendant either knew about or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA and failed to act diligently with regard to its obligations as an employer under the FLSA.

14. Defendant acted willfully and failed to act reasonably to comply with the FLSA; therefore, Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime wages pursuant to 29 U.S.C. § 216(b).

15. As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

16. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, BEN ELMORE demands Judgment against Defendant, BREWSTER COUNTY, TEXAS, for the following:

a. Unpaid overtime wages found to be due and owing;

b. An additional amount equal to the amount of overtime wages found to be due and owing as liquidated damages;

c. Prejudgment interest in the event liquidated damages are not awarded;

d. Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e. For any such other relief as the Court may find proper, whether at law or in equity.

## JURY TRIAL DEMAND

Plaintiff, BEN ELMORE, demands a jury trial on all issues so triable.

Page 5 of   5
Respectfully submitted, January 23, 2017.

**ROSS LAW GROUP**

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
Attorney-in-Charge
**DANIEL B. ROSS**
Texas Bar No. 00789810
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawgroup.com